**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:09-cr-00303-JCM-LRL |
| v. ) | |
| ) | MOTION TO DISMISS FOR |
| ERIC LEON CHRISTIAN, ) | VIOLATION OF THE SPEEDY TRIAL |
| ) | ACT AND SIXTH AMENDMENT (#47) |
| Defendant. ) | |
| ) | |

## REPORT & RECOMMENDATION

The defendant, Eric Leon Christian, is under indictment on two counts of Interstate Communications of Threats in violation of 18 U.S.C. § 875(c). The matter before the court is Christian's Motion to Dismiss for Violations of the Speedy Trial Act and the Sixth Amendment (#47), in which he contends that the government has deprived him of his constitutional right to a speedy trial in violation of the Sixth Amendment.[1] Also under submission is the government's Opposition (#51). No reply was filed.

**BACKGROUND**

Christian made his initial appearance in this court on July 21, 2009 and was represented by Richard Frankoff of the Federal Public Defender's ("FPD") office. On July 29, 2009, Christian filed a Motion to Strike With Restitution (#15) in pro per. On August 4, 2009, the court struck the Motion to Dismiss (#15) pursuant to LR IA 10-6(a), which provides that a defendant who is represented by

---

[1] Although Christian's motion is styled, in part, as a Motion Dismiss for Violation of the Speedy Trial Act, Christian does not provide any argument or analysis of the alleged violation of the Speedy Trial Act. Instead, the Motion concentrates on the analysis of a Sixth Amendment speedy trial violation. The court will therefore address only the assertion of a constitutional violation of the right to speedy trial.

counsel may not file motions on his own behalf. Minute Order (#16). On August 7, 2009, Christian appeared for arraignment and pleaded not guilty. Minutes (#17). Pursuant to Notice of Hearing (#24), jury trial was set for September 21, 2009. On August 18, 2009, Frankoff filed a sealed Motion for Hearing. A hearing on the motion was held September 9, 2009, during which Christian specifically requested that he not be represented by the FPD. Minutes (#27). The court relieved Frankoff as counsel and, on September 15, 2009, appointed CJA panel attorney Travis E. Shetler to represent Christian. The next day, Christian filed another Motion to Dismiss (#31) in pro per, which this court struck on September 24, 2009, again because Christian was represented by counsel. Minute Order (#32).

On September 18, 2009, Shetler filed defendant's first Stipulation to Continue Trial (#29). The Stipulation requested that the trial, then scheduled for September 21, 2009, be continued for at least forty-five (45) days, "to allow new Counsel for the Defendant . . . the opportunity to evaluate the government's claims, adequately discuss same with the Defendant and also to give Counsel sufficient time to prepare for negotiation of the case or trial as the circumstances may require." Stipulation (#29) at ¶ 5. The Stipulation further states, "Counsel for the Defendant has discussed the continuance with the Defendant and informs this Court and the Government that there is no objection to the continuance sought herein." *Id.* at ¶ 1. The court granted the continuance, finding the additional time requested to be excludable for purposes of the Speedy Trial Act. Order (#30) at 4. Trial was set for November 16, 2009.

On November 12, 2009, Shetler filed an *Ex Parte* Motion for a Psychiatric Evaluation (#35) and a Second Stipulation to Continue Trial (#36), followed the next day by a Corrected Second Stipulation (#37). The Corrected Second Stipulation requested that the trial be continued for at least 90 days to allow time for the evaluation of Christian. Shetler stated, "Counsel for the Defendant has discussed the continuance with the Defendant and informs this Court and the Government that there is an objection to the continuance sought herein." Corrected Second Stip. (#37) at ¶ 1. On November 16, 2009, the court granted a second continuance, again finding the delay excludable for purposes of the Speedy Trial Act. Order (#40) at 4. Trial was set for February 22, 2010.

1  On November 24, 2009, the court held a hearing on Shetler's Motion for Psychiatric Evaluation (#35). During the hearing, Christian requested representation by a new attorney and specifically requested Gary L. Meyers. Minutes (#41). The court granted Christian's request and accordingly denied the Motion for Psychiatric Evaluation without prejudice subject to refiling by Meyers, if Meyers deemed it appropriate. *Id.*; *see also* Order (#42) (appointing Meyers as counsel).

On February 9, 2010, Meyers filed defendant's instant Motion to Dismiss (#47). On February 17, 2010, Meyers filed an *Ex Parte* Motion for Psychiatric Evaluation (#48), which this court granted on March 5, 2010. Order (#54). On February 18, 2010, defendant's Third Stipulation to Continue Trial (#49) was filed, "to allow [the Motion for Psychiatric Evaluation] to be considered and, if granted, for the evaluation to take place." The Third Stipulation was granted on February 25, 2010. Order (#50). The court found the delay excludable under the "ends of justice" provision, as well as pursuant to 18 U.S.C. § 3161(h)(1)(A). *Id.* at 2. Trial is currently set for July 12, 2010.

**DISCUSSION**

The Sixth Amendment provides in pertinent part, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." Excessive post-indictment delay is barred by the Sixth Amendment right to a speedy trial. *United States v. Marion*, 404 U.S. 307, 320 (1971). Before the court will dismiss the indictment on the basis of prejudicial delay, however, the defendant must demonstrate that the delay actually or substantially prejudiced his right to a fair trial. *Marion*, 404 U.S. at 324. In *Barker v. Wingo*, the Supreme Court enunciated a four factor balancing test used to assess an alleged violation of the speedy trial right. 407 U.S. 514, 519 (1972). Specifically, courts consider: (1) length of delay; (2) reason for the delay; (3) defendant's assertion of his rights; and (4) prejudice to the defendant. *Id.* at 529. Courts "'regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant.'" *United States v. Tanh Huu Lam*, 251 F.3d 852, 856 (9th Cir. 2001) (quoting *Barker*, 407 U.S. at 533).

The first factor, length of delay, is a threshold issue. *See United States v. Beamon*, 992 F.2d

3

1009, 1012 (9th Cir. 1993). Only where the delay is "presumptively prejudicial" must a court inquire into the other factors, "since, by definition, [a defendant] cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted him with customary promptness." *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). Thus to trigger a speedy trial inquiry, Christian must first show that the period between his indictment and trial has reached a threshold point of "presumptively prejudicial" delay. *Beamon*, 992 F.2d at 1012. The Ninth Circuit has found a six month delay to be "borderline," but noted that "the lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year." *Lam*, 251 F.3d at 856 (quoting *Doggett*, 505 U.S. at 652 n.1). The length of delay that will provoke a speedy trial inquiry, however, "is necessarily dependant upon the peculiar circumstances of the case." *Id.* (quoting *Barker*, 407 U.S.503-31) ("To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for serious, complex conspiracy charge." *Id.*).

Here, approximately nine months have elapsed since the defendant's initial appearance on July 21, 2009 and this court's review of the motion. The delay is thus somewhere between "borderline" and "presumptively prejudicial." Although the charges against Christian are not particularly complex, other extenuating circumstances—his requests for new counsel and his counsels' requests for psychological evaluation—have delayed the time for trial in this case. Thus while the length of delay, on its own, is approaching the "presumptively prejudicial" point, the particular circumstances which have caused the delay caution against a presumption of prejudice. The court thus finds this factor to weigh neither in favor of the motion to dismiss nor against it. Inasmuch as the length of delay is not obviously *non*prejudicial, however, the court will consider the remaining *Barker* factors.

The next *Barker* factor, reason for the delay, weighs heavily against Christian insofar as the delay is attributable to Christian and his attorneys. Christian has requested re-appointment of counsel twice in this case. The first Stipulation to continue followed the assignment of Shetler as Christian's second counsel. Because Shetler was assigned six days before the trial date, he reasonably sought a continuance to allow him time to properly prepare the case and his client for trial. Though Christian

now maintains that he did not agree to the stipulation, the stipulation itself clearly states, "Counsel for the Defendant has discussed the continuance with the Defendant and informs this Court and the Government that there is no objection to the continuance sought herein." Stipulation (#29) at ¶ 1. Even were the court to accept Christian's claim that he did not agree to the continuance, the continuance was necessary to allow Shetler time to prepare the case so as to be able to provide effective assistance of counsel. *See Lam*, 251 F.3d at 858 (It would be "inappropriate to permit [defendant] to avoid responsibility for legitimate delays which were necessary for and beneficial to his defense."). Accordingly, this delay is attributable to Christian. *See id.* at 857-58 ("In attributing responsibility [for the delay] to [defendant's] counsel, we also find such responsibility rightfully accrues to [defendant].")

The second stipulated continuance, though objected to by Christian, also is attributable to him. The second stipulation was filed concurrently with Shetler's *ex parte* motion for a psychiatric evaluation. The motion for psychiatric evaluation was made following the state court's determination that Christian was not competent to stand trial. The motion was not made for any improper purpose, inasmuch as it would have been imprudent for Shetler to ignore the state court's determination. The continuance was requested to allow time for the court to rule on the motion for psychiatric evaluation and to allow for the evaluation itself to occur. *See* Corrected Second Stip. (#37) at ¶ 5. Inasmuch as the psychiatric evaluation was requested by Christian's counsel and for the benefit of establishing Christian's ability to stand trial and to assist in his own defense, this second continuance to allow time for the evaluation is attributable to Christian.

While the court ultimately denied without prejudice the motion for psychiatric evaluation, it did so as a result of Christian's request for new counsel, his third, at the hearing on Shetler's motion for a psychiatric evaluation. Meyers was appointed to represent Christian. Meyers filed a third stipulated request for continuance to allow for a psychiatric evaluation of Christian. This continuance is also attributable to Christian for the same reasons explained above. Inasmuch as all of the continuances have been for his own benefit or for the benefit of his counsel in representing him, the court finds that the second *Barker* factor, reason for delay, weighs heavily against Christian's motion to dismiss for speedy

5

trial violation.

The court now turns to the third factor, defendant's assertion of speedy trial right. Assertion of the speedy trial right is entitled to strong evidentiary weight, but it also must be viewed in light of the defendant's other conduct. *See United States v. Loud Hawk*, 474 U.S. 302, 314-315 (1986). For example, where, as here, the delay of trial is attributable to the defendant, the weight of his assertion of speedy trial right is diminished. *Lam*, 251 F.3d at 859 (finding defendant's attorney's repeated requests for continuances were attributable to defendant, and therefore "considerably diminish the weight of [defendant's] assertions of his speedy trial right").

Christian did file in proper person, and the court dismissed, two motions to assert his speedy trial right. *See* Order Striking Filed Document (#16) and Order Striking Filed Document (#31). Notably, the first of these was filed a mere nine days after Christian's initial appearance and the other was filed one day after his first request for new counsel was granted by this court. Neither motion, even if properly filed, could have survived the threshold inquiry as to presumptively prejudicial delay, insofar as both were filed within two months of Christian's initial appearance. Moreover, the first Stipulation to Continue, in which it is stated that Christian consented to the continuance, was filed after the stricken speedy trial motions. Christian now maintains that he did not agree to any continuances. Even so, as the court has explained, the continuances were necessary so that Christian's counsel could prepare for trial, and also to accommodate the psychiatric evaluation of Christian. Because Christian's counsel's requests for continuances are properly attributable to Christian and because Christian's early assertions of speedy trial lacked merit, the weight of his assertions is severely diminished. *See Lam,* 251 F.3d at 859. The court will not weigh this factor in Christian's favor.

The final *Barker* factor requires the court to weigh the prejudicial effect, if any, of delay. "Actual prejudice can be shown in three ways: oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the accused's defense will be impaired." *Beamon,* 992 F.2d at 1014 (citing *Doggett*, 505 U.S. at 654). Where the defendant himself is responsible for the delay, he carries a heavy burden of demonstrating actual prejudice. *Lam*, 251 F.3d at 859 (citing *United States*

6

*v. Manning*, 56 F.3d 1188, 1195 (9th Cir. 1995)); *see also United States v. Aguirre*, 994 F.2d 1454,1458 (9th Cir. 1993).

Given the court's conclusion that Christian is responsible for the delay in his trial, he bears the burden of demonstrating actual prejudice. His sole allegation of actual prejudice is that "his detention at the North Las Vegas Detention Center is oppressive." Mot. (#47 at 7). While "incarceration in the pretrial period [is] a hardship and must be included in the assessment of 'prejudice,'" *United States v. Vasquez*, 918 F.2d 329, 338 (2d Cir. 1990), it must be balanced and assessed in light of the other *Barker* factors, including "length, reasons, and responsibility for the delay." *Lam*, 251 F.3d at 860. Here, Christian has been incarcerated for approximately nine months, a length which does not necessitate a finding of prejudice. *See Barker*, 407 U.S. at 534 (ten-month period of incarceration constitutes "minimal" prejudice); *Lam,* 251 F.3d at 860 (finding "fourteen and one-half month incarceration by itself does not appear to outweigh" the other *Barker* factors). Nor does the length of incarceration weigh significantly toward a finding of actual prejudice. Having weighed each of the *Barker* factors, the court concludes that no violation of Christian's constitutional right to a speedy trial has occurred.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that Christian's Motion to Dismiss for Violation of the Speedy Trial Act and the Sixth Amendment (#47) should be denied.

DATED this 3rd day of May, 2010.

---

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**