**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:09-cr-303-JCM (VCF) |
| ) | |
| ERIC LEON CHRISTIAN, ) | |
| ) | ORDER |
| Defendant. ) | |
| ) | |

Presently before the court is the matter of *The United States of America v. Eric Leon Christian*, case no. 2:09-cr-303-JCM-VCF.

On July 29, 2009, Christian was charged with two counts of interstate communications, in violation of 18 U.S.C. § 875(c). (Doc. # 12). Christian was found guilty at trial and was sentenced to 13 months custody followed by three years of supervised release. (Doc. # 152). Christian served his time and was subsequently released on supervised release.

On March 22, 2013, Christian made his initial appearance before the magistrate on a petition to revoke his supervised release. (Doc. # 165). Based upon the parties' understanding that Christian had served a custodial sentence beyond that which was imposed by the court, the parties agreed to recommend a sentence of credit for time served and terminate any remaining term of supervised release.

On April 30, 2013, this court agreed to the parties' recommendation and sentenced Christian to credit for time served with no additional supervision. (Doc. # 170). Christian's case was then

internally closed.

Acting *pro se*, Christian has now filed a motion for an extension of time in which to file a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Doc. # 177). Christian has also filed a motion for leave to proceed in forma pauperis. (Doc. # 178).

Section 2255 applies to prisoners "in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255. The courts construe "in custody" broadly to include (1) probation, *see United States v. Span*, 75 F.3d 1383, 1386 (9th Cir. 1996); (2) release on personal recognizance while awaiting trial, *see Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300-01 (1984); and (3) supervised release, *see Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).

As discussed above, a review of the record demonstrates that Christian is not currently incarcerated, and is no longer on supervised release. Accordingly, he is not "in custody" within the meaning of section 2255 or relevant case law. Unless a federal prisoner is in custody, he or she is conclusively not entitled to relief under section 2255.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Eric Leon Christian's motion for an extension to file a writ of habeas corpus (doc. # 177) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Eric Leon Christian's motion for leave to proceed in forma pauperis (doc. # 178) be, and the same hereby is, DENIED.

DATED December 31, 2013.

_____
UNITED STATES DISTRICT JUDGE