1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

2:09-CR-303 JCM (VCF)

9  UNITED STATES OF AMERICA,

10                    Plaintiff(s),

11  v.

12  ERIC LEON CHRISTIAN,

13                    Defendant(s).

14

15                          **ORDER**

16        This case is a classic example of a moot case.  The defendant was tried and convicted by a

17  jury and appealed that decision to the Ninth Circuit.  While the appeal was pending, he completed

18  his sentence and was also discharged from supervised release.

19        Once a defendant completes his sentence, his challenge to his conviction becomes moot,

20  unless he will continue to suffer some collateral consequence.  *See Caswell v. Calderon*, 363 F.3d

21  832, 836 (9th Cir. 2004).  The mootness arises because he has already satisfied the penalty imposed

22  for his conviction, and the appellate court cannot undo a period of incarceration.

23        The only collateral consequence for the defendant here was supervised release, which he had

24  also completed.  Significantly, the courts look for a collateral consequence for the criminal

25  defendant, *See U.S. v. Palomba*, 182 F.3d 1121, at 1123 (9th Cir. 1999) not for some consequence

26  or result for the government.  Here, Christian's release from custody and from supervised release

27  caused his appeal to become moot, because it no longer presented a case or controversy under Article

28

**James C. Mahan**
**U.S. District Judge**

III, §2 of the Constitution.  *See Spencer v. Kemna*, 523 U.S. 1, at 7, 118 S. Ct. 978, at 983 (1998). This case-or-controversy requirement exists through all trial and appellate proceedings in federal court.  *Ibid*.

Prior to, or during the appellate argument, the AUSA failed to notify the panel of the defendant's status and that this case was now moot,  and that the court accordingly lacked jurisdiction.  Thus, the appellate court was never given the opportunity to address the issue of mootness or lack of jurisdiction.

The Ninth Circuit considered the merits of the appeal and reversed and remanded the case to the district court for further proceedings.  On remand the AUSA admitted to the district judge that he had failed to notify the appellate court of the mootness issue; this court continued the matter for one week to give the AUSA the opportunity to determine how his office wished to proceed.

At that continued hearing the AUSA explained that his office wanted the district court to retry the defendant for the same crime for which he had previously been convicted and then sentence him again, this time for a sentence of time served.  The prosecutor's rationale for this action was that the government wanted to place another felony on the defendant's record.

Although the government styles this as a "collateral consequence," the cases look to whether the appellant/defendant–not the government–will suffer a collateral consequence if the court dismisses his case for mootness.  *See Caswell*, 363 F.3d at 836 supra.

Here the government is simply trying to take advantage of its own dereliction in failing to advise the appellate panel of the mootness of Christian's appeal.  The district court declines to follow the government's suggestion, the effect of which would be to deprive the defendant of his appellate victory.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this matter is dismissed as moot.

DATED July 1, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge