UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>ERIC LEON CHRISTIAN,<br><br>             Defendant. | Case No. 2:09-cr-00303-RFB-VCF<br><br>**ORDER** |

### I.     BACKGROUND

Before the Court is Defendant's pleading styled as a "Criminal Appeal of pretrial Motion Denial and Trial Guilty Verdict," ECF No. 457, which this Court has construed as a motion to vacate sentence under 28 U.S.C. § 2255.

A federal grand jury returned an indictment charging Christian with two counts of making a threat through interstate communications under 18 U.S.C. § 975(c). ECF No. 12. After a two-day jury trial on January 9 and 10, 2012, the jury returned guilty verdicts on both counts. ECF No. 125. On April 16, 2012, this Court sentenced Christian to two concurrent 13-month prison sentences, to be followed by three years of supervised release. Christian appealed and, on April 17, 2014, the court of appeals vacated his convictions and remanded for a new trial. United States v. Christian, 749 F.3d 806 (9th Cir. 2014). ECF No. 197.

Following remand, this Court dismissed the case for mootness. ECF No. 224.  The government appealed and, on November 20, 2015, the Ninth Circuit reversed this Court's dismissal order and remanded the case for retrial. ECF No. 247. The case reassigned. ECF No. 253.

On January 26, 2016, this Court granted Christian's motion to represent himself. Christian was convicted at a jury trial on October 27, 2016. ECF No. 374. On January 6, 2017, the Court entered judgement and sentenced Christian to 51 months' imprisonment on each count, concurrent to each other and concurrent to a state sentence Christian was then serving. ECF No. 387. Christian filed a notice of appeal. ECF No. 388. Christian's appeal was voluntarily dismissed on January 17, 2018. ECF No. 443. On December 20, 2019, Christian filed another appeal of his convictions. ECF No. 454. On March 4, 2020, the Ninth Circuit dismissed this appeal based upon a letter by Christian indicating that this appeal was filed in error and was duplicative of his earlier appeal which he had voluntarily dismissed. ECF No. 458.  On March 4, 2020, this Court received Christian's instant motion, which this Court construed as motion to vacate under Section 2255 and assigned a date of December 20, 2019—the date of Christian's errant and duplicative appeal (ECF No. 388)—as the "filed" date for purposes of the motion to vacate. ECF No. 457.

The government responded to the motion to vacate pursuant to a court order on August 24, 2020. ECF No. 462. The Court had ordered Christian to file any reply to the response by September 4, 2020. ECF No. 461. Christian has not replied to the response. This order follows.

## II. LEGAL STANDARD FOR HABEAS REVIEW

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). After a defendant's "chance to appeal has been waived or exhausted," the Court is "entitled to presume he stands fairly and finally convicted." United States v. Frady, 456 U.S. 152, 164 (1982). The federal habeas process "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

- 2 -

If the movant did not challenge on direct appeal a claim he raises in a section 2255 motion, that claim is procedurally defaulted. Bousley, 523 U.S. at 621. A court may not reach a procedurally defaulted claim unless the movant shows "cause and prejudice" or actual innocence. Id. at 622. A movant may show cause by demonstrating an "external impediment" that prevented him from asserting a claim on direct review, and may show prejudice by demonstrating the detriment attributable to the cause. Murray v. Carrier, 477 U.S. 478, 492 (1986).

"[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." Bousley, 523 U.S. at 623 (internal citations omitted). On the other hand, a claim that is truly "novel"—where the law at the time of appeal did not provide counsel with a "reasonable basis" for the claim—can constitute "cause" to excuse a procedural default. Reed v. Ross, 468 U.S. 1, 16-17 (1984). In determining whether a claim is "novel" for purposes of establishing cause for a procedural default, the relevant inquiry is not "whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." Smith v. Murray, 477 U.S. 527, 537 (1986).

A one-year statute of limitations applies to motions under Section 2255. 28 U.S.C. § 2255(f). This statute of limitations runs from the "latest" of several possible events, including "the date on which the judgement of conviction becomes final." Id. When an appeal is voluntarily dismissed, further direct review is no longer possible. United States v. Arevalo, 408 F.3d 1233, 1236 (9th Cir. 2005).

### III. DISCUSSION

The Court denies the motion.

#### A. The Motion is Untimely

- 3 -

The Court finds the motion is untimely. Christian's conviction became final on January 17, 2018 when his appeal was voluntarily dismissed. ECF No. 443. Even with the Court generously assigning him a "filed" date of December 20, 2019 despite receiving his motion in March 2020, his motion was filed more than one year after his conviction became final. He offers no explanation for the delay, and the Court finds no basis to toll the running of the statute of limitations under Section 2255.

### B.  The Claims Are Procedurally Defaulted And Meritless

The various grounds raised by Christian for challenging his conviction are procedurally defaulted and meritless.

First, Christian appears to argue that there was insufficient evidence to convict, because there was no evidence of a weapon he would utilize and because Detective Honea had not provided credible testimony. These claims are procedurally defaulted because he did not raise them on direct appeal, and he does not demonstrate cause to excuse the default. Even if he could demonstrate cause, his claims fail because he cannot show prejudice. A conviction under 18 U.S.C. § 875(c) does not require proof that the defendant had a weapon or a plot to kill the victims. And there was no legal basis to strike the testimony of Honea.

Second, Christian claims that this Court violated his Fourth Amendment rights by allowing Detective Honea to identify him and authenticate certain evidence at trial. This claim is procedurally defaulted because he did not raise it on direct appeal, and he does not demonstrate cause to excuse the default. Even if he could demonstrate cause, these arguments fail because he cannot show prejudice. The identification and authentication were appropriate according to the Federal Rules of Evidence and Christian has cited no authority to the contrary.

Third, Christian contends that "more than one trial on this case makes for a 5th Amendment Double Jeopardy violation." ECF No. 457, at 5. This claim is procedurally defaulted and meritless. To the extent Christian is referring to the two federal trials, no double jeopardy bar exists because Christian appealed his conviction from the first trial and the court of appeals vacated (for reasons other than insufficient evidence) and remanded for a new trial. See United States v. Alvirez, 831 F.3d 1115, 1126–27 (9th Cir. 2016) ("The double jeopardy clause does not bar retrial after a reversal based on the erroneous admission of evidence").[1]

Fourth, Christian claims that he was questioned without receiving a full Miranda warning; that he did not waive his right to counsel; that his retrial violated this speedy trial rights; and that federal officials and state officials improperly colluded in their prosecution of him. These arguments are again procedurally defaulted without excuse and meritless. Christian raised all of these issues prior to or during trial, and this Court rejected them. The Court incorporates by reference its prior reasoning for rejecting these arguments.

Fifth, Christian alleges that this Court violated his Eighth Amendment rights when it ordered him detained pending trial. As with his other claims, Christian procedurally defaulted on this claim by failing to raise it on direct appeal, and he does not demonstrate cause to excuse the default. In any event, he cannot demonstrate prejudice, as he was properly detained. In addition, for the overwhelming majority of the time he was detained pre-trial, Christian was in state custody and brought to federal court on a writ, ECF No. 5, 332, 345,

///

---

[1] Christian also refers to a "state case" in his motion. The Court is unaware of any state case regarding these same crimes but, in any event, duplicate prosecution in state and federal court does not violate the Double Jeopardy Clause. Puerto Rico v. Sanchez Valle, 136 S.Ct. 1863, 1869–71 (2016)).

- 5 -

and this Court did not issue a warrant for Christian's arrest until he refused to appear at a hearing. ECF No. 299, 300.

The Court notes that the above claims are those that the Court could discern as intelligibly raised claims. Christian appears to raise other less coherent arguments which the Court could not construe as properly asserted claims. In any event, all of the claims intelligible or otherwise, are procedurally defaulted without excuse and meritless.

The Court also finds that an evidentiary hearing is unnecessary in this case as the claims are based on facts in the record before the Court. Farrow v. United States, 580 F.2d 1339, 1352-54 (9th Cir. 1978) (en banc); see also United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993)("Merely conclusory statements in a § 2255 motion are not enough to require a hearing.") (internal citations omitted).

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate (ECF No. 457) is DENIED for the reasons stated.

**IT IS FURTHER ORDERED** that Court denies a certificate of appealability as the Court finds that the Defendant has not made a substantial showing of the denial of a constitutional right.

DATED: September 16, 2020.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**