# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| United States of America, | Case No. 2:09-cr-00303-JAD-VCF-1 |
| Plaintiff, | |
| v. | **ORDER** |
| Eric Leon Christian, | |
| Defendant. | |

On November 5, 2020, Eric Christian appeared before this court for his preliminary hearing to determine whether there was probable cause to support four alleged supervised release violations. ECF Nos. 479, 496. The court found probable cause as to allegations Nos. 1, 3, and 4.[1] This court did not make any finding as to allegation No. 2, which alleges Mr. Christian failed to register/change his address within 48 hours in violation of N.R.S. 179C.100 and N.R.S. 179C.110. Instead, this court requested supplemental briefing addressing the reasons why this court should or should not rely on Government's Exhibit 1—the police report documenting the facts supporting Mr. Christian's arrest for failure to register—to determine whether there is probable cause to support alleged violation No. 2.

---

[1] These are violations of the following conditions: failing to report to the United States Probation Office within 72 hours of release from imprisonment, failing to follow the instructions of the Probation Officer by not reporting to the United State Probation Office on September 11, 2020, and failing to alert his Probation Officer that he had come into contact with law enforcement on August 5, 2020.

**Testimony during preliminary hearing as to allegation No. 2**

During the preliminary hearing, United States Probation Officer McCarroll testified that he became aware that Mr. Christian should have reported to the United States Probation Office to begin his term of supervised release, which began December 16, 2019, but had not. He learned that Mr. Christian had been released from a state sentence in December 2019 and discharged from parole sometime later in the spring. Officer McCarroll then ran a records check and learned that Mr. Christian had come into contact with law enforcement on August 5, 2020. A police report was prepared, which the government moved into evidence as Government's Exhibit 1.[2] Mr. Christian objected on the grounds that admission of this hearsay evidence would violate his due process right to confront adverse witnesses. The court explained that it would take the objection under submission and asked for Officer McCarroll to continue his testimony.

In turn, during his continued testimony, Officer McCarroll testified that on September 10, 2020, he went to the address noted in the police report for the August 5, 2020 incident to find Mr. Christian. That address was on Dessert Inn Rd., and he did find Mr. Christian there. Officer McCarroll also testified that prior to finding Mr. Christian at Dessert Inn Rd., he spoke to Mr. Christian's parole officer to see where he could locate Mr. Christian. Officer McCarroll testified that the parole officer provided him the address on file—which differed from the address at Dessert Inn Rd. This testimony, which was also hearsay, was not objected to.

During cross-examination, Mr. Christian admitted Defense Exhibit A, indicating that he had been arrested on August 5, 2020 for failure to register, but that a complaint had not been filed.

**Analysis**

"[E]very releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999) (*citing Morrissey v.*

---

[2] Government's Exhibit 1 contains information that Mr. Christian was found at 344 Dessert Inn Rd. and that he had been residing there for about two months, but his registered address with local law enforcement was listed at 1001 N. 4th St.

1  *Brewer*, 408 U.S. 471, 489 (1972). Thus, this right is conditional. *Morrisey*, 408 U.S. at 510; *see
2  also* Fed. R. Crim. P. 32.1(2)(C) (providing that, in a supervised release revocation hearing, the
3  releasee "is entitled to . . . an opportunity to . . . question any adverse witness unless the court
4  determines that the interest of justice does not require the witness to appear").

5        "The weight to be given the right to confrontation depends on two primary factors: the
6  importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be
7  proven by the hearsay evidence." *Comito*, 177 F.3d at 1171. "In determining the government's
8  good cause in not producing a witness, the court must look to 'both the difficulty and expense of
9  procuring witnesses and the traditional indicia of reliability borne by the evidence.'" *United
10 States v. Hall*, 419 F.3d 980, 988 (*quoting United States v. Martin*, 984 F.2d 308, 312 (9th
11 Cir.1993)).

12       In contrast to the procedures in place at revocation hearings, the right to confront adverse
13 witnesses during a preliminary hearing is triggered "*[o]n request of the [defendant].*" *Morrisey,
14 408 U.S.* at 487. And, Federal Rule of Criminal Procedure 32.1(b)(1)(B)(iii), in line with
15 *Morrisey*, makes clear that even if a defendant invokes this right at the preliminary hearing, the
16 court can still determine that the interests of justice may not require the witness to appear.

17       First, it must be noted that Mr. Christian concedes he did not make a request to have the
18 author of the exhibit in question present at the preliminary hearing. ECF No. 498 n.4. While it is
19 not clear whether the *Comito* balancing test applies in a situation in which a defendant does not
20 request the presence of the adverse witness, this Court need not decide that issue. Here, there is
21 other evidence this court relies on to find probable cause for allegation No. 2.

22       As stated above, Officer McCarroll testified that he arrived at an address on Dessert Inn
23 Rd. and found Mr. Christian there. He testified this was not the address Mr. Christian's parole
24 officer had on file. In addition, Defense Exhibit A demonstrates that Mr. Christian was arrested
25 for not changing his address, which corroborates the notion that he was not residing at the address
26 where he had registered. Thus, this court need not rely on Government's Exhibit 1 to find
27 probable cause, which is simply a fair probability that Mr. Christian failed to change his address.
28

**IT IS THEREFORE ORDERED** that this Court finds probable cause exists to support allegation No. 2.

DATED: November 15, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE